UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-320 CAS (MANx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | Sang Mook Lee, et al. v. California Institute of Technology, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS): Plaintiffs' Motion for an Order Modifying the Scheduling Order and Leave to File a Second Amended Complaint** (filed 6/12/2009)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of July 6, 2009, is hereby vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION AND BACKGROUND**

   **A.   CV 08-5790-CAS: The Hong Action**

   Plaintiff Seung Suk Hong ("Hong"), individually and as successor in interest, filed a complaint in Los Angeles County Superior Court on May 14, 2008. This action, Case No. CV 08-5780-CAS ("the Hong action"), was timely removed on September 4, 2008. On October 28, 2008, Hong filed a first amended complaint ("FAC") against defendants Sang Mook Lee ("Professor Lee"), Eun Seo Choi ("Choi"), California Institute of Technology ("Caltech"), Ford Motor Company ("Ford"), Republic of Korea, Quigley Motor Company ("Quigley"), and Does 1-150, inclusive. Hong's FAC alleges that she is the surviving heir and mother of decedent Hye Jung Lee ("decedent"). FAC ¶ 1. Hong alleges that on or about July 2, 2006, decedent was a passenger in a Ford E-350 van driven by defendant Professor Lee, with the express or implied permission of defendants Caltech, Republic of Korea, and Does 1-150, to transport Seoul National University students on a field trip in San Luis Obispo County. FAC ¶ 15. Hong alleges that the vehicle in which decedent was riding was in a collision that proximately caused decedent's death. SAC ¶ 17. Hong asserts claims for (1) negligence (against defendants Professor Lee, Choi, Caltech, and Republic of Korea); (2) negligent entrustment (against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-320 CAS (MANx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | Sang Mook Lee, et al. v. California Institute of Technology, et al. | | |

defendants Caltech and Republic of Korea); (3) products liability negligence (against defendants Ford, Quigley, and Does 1-150); (4) products liability implied warranty (against defendants Ford, Quigley, and Does 1-150); and (5) products liability strict liability (against defendants Ford, Quigley, and Does 1-150).[1]

On April 23, 2009, Hong filed a motion for leave to file a second amended complaint, in order to add a claim for punitive and/or exemplary damages against Caltech. On May 14, 2009, the Court granted Hong's motion for leave to file a second amended complaint.

On June 3, 2009, Hong filed a notice of global settlement in the Hong action.

### B. The Lee Action

On December 12, 2006, Professor Lee, who is a defendant in the Hong action, along with his spouse Hee-Jung Kim, (collectively referred to as the "Lee plaintiffs") filed a complaint in Los Angeles County Superior Court against defendants Caltech, Ford, Quigley, and Does 1-100. The Lee plaintiffs subsequently filed a FAC. On January 14, 2009, this action, CV09-320-CAS (the "Lee action"), was removed to this Court. The Lee plaintiffs allege that Professor Lee suffered severe and permanent injuries as a result of the automobile accident also at issue in the Hong action, which resulted in paralysis. FAC ¶ 17. The Lee plaintiffs assert claims for (1) negligence (against Caltech and Does 1-100); (2) strict products liability (against Ford, Quigley, and Does 1-100); (3) negligence (against Ford, Quigley, and Does 1-100); and (4) breach of express and implied warranties (against Ford, Quigley, and Does 1-100).

Caltech filed a cross-claim against Quigley, Professor Lee, Republic of Korea, and Zoes 1-10 on March 26, 2009, asserting claims for 1) total equitable indemnity (against all cross-defendants); (2) comparative indemnity/contribution (against all cross-defendants); (3) declaratory relief (against all cross-defendants); and (4) negligence (against all cross-defendants).

On May 13, 2009, Quigley filed a motion for good faith settlement. On June 22,

---

[1] On September 15, 2008, the Court dismissed Doe defendants 11-150.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-320 CAS (MANx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | Sang Mook Lee, et al. v. California Institute of Technology, et al. | | |

2009, the Court granted Quigley's motion for good faith settlement in the Lee action.

On May 22, 2009, the Court entered an amended scheduling order, in which it set May 31, 2009 as the deadline to file requests for leave to file amended pleadings or to add parties.

On June 12, 2009, the Lee plaintiffs filed the instant motion for an order modifying the scheduling order and leave to file a second amended complaint. On June 22, 2009, defendant Caltech filed an opposition. Also on June 22, 2009, defendant Ford filed an notice of non-opposition. On June 23, 2009, defendant Republic of Korea filed a notice of non-opposition. A reply was filed on June 29, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

Once the district court enters a pretrial scheduling order pursuant to Fed. R. Civ. P. 16 establishing a deadline for amending pleadings, Fed. R. Civ. P. 16(b)'s standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Federal Rule of Civil Procedure 16(b) provides that a scheduling order "shall not be modified except by leave of court and upon a showing of good cause." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id. at 609. In determining whether good cause exists, courts may consider the importance of the amendment, potential prejudice to the opposing party, and the explanation for the failure to timely move for leave to amend. Id. "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

## III.    DISCUSSION

The Lee plaintiffs seek to file a second amended complaint ("SAC") in order to add a claim for punitive damages against Caltech. Because the instant motion was filed after the May 31, 2009 deadline for requesting leave to amend the pleadings, the Lee plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-320 CAS (MANx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | Sang Mook Lee, et al. v. California Institute of Technology, et al. | | |

request that the Court modify the scheduling order in order to permit the amendment.

The Lee plaintiffs argue first that they have adduced sufficient evidence to support a claim for punitive damages. Cal. Civ. Code § 3294 provides that "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover [punitive] damages." In Bell v. Sharp Cagbrillo Hosp., 212 Cal.App.3d 1034, 1046 (1989), the court stated that in order to recover for punitive damages in the context of unintentional torts, plaintiff is required to show that "the defendant (1) knew of the (2) probable injurious consequences of his conduct and (3) deliberately failed to avoid them."

Specifically, the Lee plaintiffs argue that they have discovered evidence of two prior serious accidents involving Caltech Geology Department vehicles, and that Caltech knew that authorized drivers were operating the vehicles in an unsafe way, but nevertheless took no action to look into its policies or procedures for authorizing drivers or how it trained them to operate the vans. Mot. at 13. The Lee plaintiffs argue that there is evidence that Caltech should have known that there was a high probability that serious harm would result from its careless practices. Mot. at 13.

The Lee plaintiffs cite specifically the May 18, 2009 deposition of Jean Grinols ("Grinols"), a Caltech employee and former division administrator, as well as various documents referenced during the deposition. Mot. at 6. The first of these documents is a memorandum written by Grinols to Terry Gennaro ("Gennaro"), employed by Caltech as Senior Materials Handler, and, according to the Lee plaintiffs, the person responsible for Caltech's driver orientation, in which Grinols stated that "[t]here has been for many years, a tendency for students, and some faculty, to drive division vehicles particularly hard when in the field, flying over dirt roads, hitting pot holes at fast speeds, because of course, the vehicle is not their property and they don't care." The second document is an email from Professor Joseph Kirschvink ("Kirschvink"), a Caltech professor, to the Department Head, Ed Stolper ("Stolper") in which Kirschvink describes an incident during a Caltech field trip to Baja, Mexico in which a driver lost control of a Caltech van causing $6000 worth of damage. Mot. at 6, citing Pl's Ex. 4. Kirschvink stated that the undergraduate driver who was driving when the accident occurred was "not very astute at driving the GPS van" but had nevertheless been approved by Caltech to drive. Id. In response, Stolper alluded to the "accidental driving deaths of one or more undergraduates

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-320 CAS (MANx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | Sang Mook Lee, et al. v. California Institute of Technology, et al. | | |

(driving our vehicle, in fact) a few years ago." Mot. at 6, citing Pl's Ex. 5.

The Lee plaintiffs also note that in deposition, Grinols stated that in her experience, drivers of the Caltech vehicles "disrespect[ed]" the vehicles, that she recalled many incidents where students and faculty drove the vehicles in an inappropriate way that resulted in nuisance damage, and that there was no written policy with regard to who was allowed to drive the department vehicles. Mot. at 7-8, citing Grinols Dep. 41:1-20; 50:16-20; 89:6-24.

The Lee plaintiffs argue that the Grinols deposition and the cited documents demonstrate "an ongoing pattern of reckless driving over many years involving these Caltech vans, including serious incidents with death and near death experiences, without any attempt to change or limit the policies and institute more rigorous measures to ensure the safety of those using the vans." Mot. at 9. The Lee plaintiffs further argue that the expert opinions in this case indicate that the "inexperienced and reckless driving by Eun Seo Choi substantially contributed to this accident" which would further support the Lee plaintiffs' claim for punitive damages. Mot. at 9.

The Lee plaintiffs also argue that their failure to file the instant motion prior to the deadline should be excused for good cause. The Lee plaintiffs contend that although they have been aware for some time of an email sent by Gennaro to Grinols, in which Gennaro expressed reservations about visitors driving the vans based on "negative experiences we have had, both with students and visitors from other universities," they did not know how to locate Grinols to depose her, because at the deposition of Ryan Petterson in February, 2009, Petterson stated that Grinols had left the department and Caltech's counsel stated they did not know how to locate her. Mot. at 5; Petterson Dep. 133:7-21. The Lee plaintiffs argue that in February 2009, counsel for Republic of Korea discovered that Grinols was still an employee of Caltech, but was working in a different department, and it was only then that they were able to arrange a deposition with Caltech counsel. Mot. at 6. The Lee plaintiffs state that the deposition was scheduled for May 18, 2009, the earliest possible date for deposition. Mot. at 6. They argue that because they did not receive the official transcript of the Grinols deposition until June 3, 2009, they were unable to file their motion until June 12, 2009. Mot. at 11. The Lee plaintiffs argue that this two-week delay does not show a lack of diligence. Mot. at 11. Instead, they argue, they have been diligent in seeking the information, but they were prevented from deposing Grinols by representations from Petterson and Caltech's counsel that Grinols

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-320 CAS (MANx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | Sang Mook Lee, et al. v. California Institute of Technology, et al. | | |

was no longer employed and they did not know where to find her.[2]  Mot. at 10.

      The Lee plaintiffs also argue that there will be no prejudice to Caltech, because Caltech was already facing a claim for punitive damages in the Hong action, the discovery cut-off date is not until September 1, 2009, and trial is not scheduled until January 2010.  The Lee plaintiffs further argue that there will be no new witnesses and no new evidence required as a result of their amendment, given that no new theory of liability is being added.  Mot. at 11.

      Caltech, however, argues that amendment would be futile.[3]   Under Cal Civ. Code § 3294(b),

> An employer shall not be liable for [punitive] damages . . .  based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

---

[2] The Lee plaintiffs acknowledge that Hong also filed a motion to add a punitive damages claim against Caltech, and that Hong's motion was timely.  However, the Lee plaintiffs state that this does not show a lack of diligence on their part, because in fact they disagreed with the substance of Hong's motion, which focused on negligent driving by Professor Lee during the field trip.  Mot. at 11.  By contrast, "it is [the] Lee plaintiffs' counsel's position that the evidence demonstrated a general lack of supervision and training by Caltech management as to the driving of all the vans, and particularly the driving of Eun Seo Choi, and that witnesses had confused Eun Seo Choi and Prof. Lee in at lease one of the incidents."  Mot. at 11.

[3] Caltech also argues that the Lee plaintiffs' motion should be denied, because the Lee plaintiffs failed to meet and confer with Caltech prior to filing the instant motion, in violation of Local Rule 7-3.  Despite this alleged violation, the Court considers the Lee plaintiff's motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-320 CAS (MANx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | Sang Mook Lee, et al. v. California Institute of Technology, et al. | | |

Caltech argues that Grinols' statements, both in the email message and in deposition, are insufficient to support a punitive damages claim, because they do not evince "malicious, oppressive" conduct, or willful disregard for the rights of others. By contrast, Caltech argues that these statements actually evince a concern for the safety of passengers in the Caltech vehicles. Opp'n at 5. For example, Caltech notes that in Kirschvink's email, he stated that graduate students and staff are given "a grueling road test . . .[to] decide if they were competent enough to handle [Caltech's] vehicles." Pl's Ex. 5.

Caltech further notes that Professor Lee is a licensed driver in Korea, holds an international driver's permit, and drove in the United States with a Massachusetts driver's license for eight years and that Caltech should not be held to a higher standard in terms of screening drivers. Opp'n at 5. Furthermore, Caltech argues that there is no evidence to support the Lee plaintiffs' assertion that Choi was in any way responsible for the accident.

Despite Caltech's arguments, the Court finds granting leave to amend to be appropriate, because the Lee plaintiffs have demonstrated that good cause exists for allowing amendment and have sufficiently explained their failure to amend prior to the pleading deadline. Furthermore, Caltech will not be prejudiced by the amendment, as there are no deadlines approaching and the amendment does not add a new legal theory to the FAC. Furthermore, Caltech has not demonstrated that granting leave would be futile. The consideration of the sufficiency of plaintiff's evidence is not appropriate at this stage of the proceedings, although Caltech is free to revisit these arguments at a later date in a motion for summary judgment.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for leave to file a second amended complaint. Plaintiff is ordered to file the second amended complaint on or before July 21, 2009.

IT IS SO ORDERED

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |