UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-320 CAS (MANx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | Sang Mook Lee, et al. v. California Institute of Technology, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Christine Spagnoli | Brian Stewart |
| | Geoffrey Brown |
| | Elizabeth McNulty |
| | Erica Fisher |

Attorneys Present for Cross-Defendant:
John Jones II

**Proceedings:**     **Joint Motion for Protective Order Re: Deposition of Young-Gyun Kim** (filed 7/28/2009)

## I.     INTRODUCTION AND BACKGROUND

### A.     CV 08-5790-CAS: The Hong Action

Plaintiff Seung Suk Hong ("Hong"), individually and as successor in interest, filed a complaint in Los Angeles County Superior Court on May 14, 2008. That action, Case No. CV 08-5780-CAS ("the Hong action"), was timely removed on September 4, 2008. On October 28, 2008, Hong filed a first amended complaint ("FAC") against Sang Mook Lee ("Professor Lee"), Eun Seo Choi ("Choi"), California Institute of Technology ("Caltech"), Ford Motor Company ("Ford"), Republic of Korea ("ROK"), Quigley Motor Company ("Quigley"), and Does 1-150, inclusive. Hong's FAC alleged that she is the surviving heir and mother of decedent Hye Jung Lee ("decedent"). FAC ¶ 1. Hong alleged that on or about July 2, 2006, decedent was a passenger in a Ford E-350 van driven by defendant Professor Lee, with the express or implied permission of defendants Caltech, Republic of Korea, and Does 1-150, to transport Seoul National University students on a field trip in San Luis Obispo County. FAC ¶ 15. Hong alleged that the vehicle in which decedent was riding was in a collision that proximately caused decedent's death. SAC ¶ 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-320 CAS (MANx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | Sang Mook Lee, et al. v. California Institute of Technology, et al. | | |

On June 3, 2009, Hong filed a notice of global settlement in the Hong action. On July 30, 2009, the parties filed a stipulation to dismiss the case.

### B. The Instant Action

On December 12, 2006, Professor Lee, along with his spouse Hee-Jung Kim ("plaintiffs") filed a complaint in Los Angeles County Superior Court against defendants Caltech, Ford, Quigley, and Does 1-100. Plaintiffs subsequently filed a FAC. On January 14, 2009, this action was removed to this Court. Plaintiffs allege that Professor Lee suffered severe and permanent injuries as a result of the automobile accident also at issue in the Hong action, which resulted in paralysis. FAC ¶ 17. Plaintiffs assert claims for (1) negligence (against Caltech and Does 1-100); (2) strict products liability (against Ford, Quigley, and Does 1-100); (3) negligence (against Ford, Quigley, and Does 1-100); and (4) breach of express and implied warranties (against Ford, Quigley, and Does 1-100).

Caltech filed a cross-claim against Quigley, Professor Lee, Republic of Korea, and Zoes 1-10 on March 26, 2009, asserting claims for 1) total equitable indemnity (against all cross-defendants); (2) comparative indemnity/contribution (against all cross-defendants); (3) declaratory relief (against all cross-defendants); and (4) negligence (against all cross-defendants).

On May 13, 2009, Quigley filed a motion for good faith settlement. On June 22, 2009, the Court granted Quigley's motion for good faith settlement.

On May 22, 2009, the Court entered an amended scheduling order, in which it set May 31, 2009 as the deadline to file requests for leave to file amended pleadings or to add parties, July 2, 2009 as the deadline for expert witness disclosures, September 1, 2009 as the discovery cut-off, and September 18, 2009 as the deadline for filing dispositive motions. Trial was set for January 5, 2010.

On June 12, 2009, plaintiffs filed a motion for an order modifying the scheduling order and leave to file a second amended complaint ("SAC"), in order to add a punitive damages claim against Caltech. On June 30, 2009, the Court granted plaintiffs' motion for leave to file a second amended complaint. Plaintiffs filed a SAC on July 16, 2009.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-320 CAS (MANx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | Sang Mook Lee, et al. v. California Institute of Technology, et al. | | |

On June 29, 2009, Caltech filed a motion for an order modifying the scheduling order to permit the filing of a cross-complaint against defendant Ford. On July 14, 2009, the Court denied Caltech's motion.

On June 29, 2009, Caltech sent a notice of deposition of third party witness Young Gyun Kim ("Kim"), noticing the deposition for July 3, 2009 in Honolulu, Hawaii. On July 1, 2009, Magistrate Judge Nagle held a telephonic conference with the various parties regarding the notice of deposition. At the conference, Magistrate Judge Nagle informed the parties that, despite the short notice of the deposition, she would permit the deposition to go forward as scheduled. See Dkt. No. 158 in CV 08-5790 (Minutes of Telephone Conference Held Before Magistrate Judge Margaret A. Nagle Regarding Notice of Deposition of Third Party Witness Young-Gyun Kim).

On July 2, 2009, plaintiffs, defendant Ford, and counterdefendant ROK (collectively, "moving parties") filed an ex parte motion for review of magistrate judge's ruling and motion for protective order re deposition of Young-Guyn Kim. Caltech filed an opposition on July 6, 2009. On July 7, 2009, the Court issued an order finding that moving parties had not shown a need for emergency relief, given that the deposition of Kim had gone forward. Therefore, the Court denied the ex parte application without prejudice.

On July 28, 2009, moving parties filed the instant joint motion for a protective order regarding the deposition of Young-Guyn Kim. Included in the same document was a statement of opposition from Caltech. On August 10, 2009, moving parties filed a supplemental memorandum in support of joint motion for protective order and Caltech filed a supplemental memorandum of law in opposition to motion for protective order Also on August 10, 2009, moving parties filed evidentiary objections to the declaration of Caltech's attorney Brian Stewart. On August 17, 2009, Caltech filed evidentiary objections to the declarations of moving parties' attorneys John L. Jones II, Christine Spagnoli, and Erica M. Fisher.[1] A hearing was held on August 24, 2009. After carefully

---

[1] In general, the parties object to the various declaration statements on the grounds that they are argumentative, speculative, without foundation, state a legal conclusion, irrelevant, and/or not the best evidence. As the Court does not generally rely on the statements to which the parties object, the Court need not rule on each of the objections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-320 CAS (MANx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | Sang Mook Lee, et al. v. California Institute of Technology, et al. | | |

considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II. DISCUSSION

### A. Whether Fed. R. Civ. P. 32(a)(5)(A) Requires that the Deposition Be Excluded

Under Fed. R. Civ. P. 32(a)(5)(A), "[a] deposition must not be used against a party who, having received less than 11 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place – and this motion was still pending when the deposition was taken." Moving parties note that they filed an ex parte motion with this Court for a protective order on July 2, 2009, and that the motion was pending when the deposition took place. Mot. at 20. Moving parties argue that, therefore, under Fed. R. Civ. P. 32(a)(5)(A), the deposition may not be used against them.

Caltech argues, however, that there is no basis for relief under Fed. R. Civ. P. 32(a)(5)(A), because Magistrate Judge Nagle denied what was effectively moving parties' motion for a protective order on July 1, 2009, and therefore, no such motion was pending at the time of the taking of the deposition. Opp'n at 26. Caltech argues that moving parties' ex parte application for review of magistrate's ruling and motion for protective order re deposition of Young Guyn Kim does not qualify as a motion for protective order under the meaning of Fed. R. Civ. P. 32(a)(5)(A). Caltech cites the 1993 Advisory Committee Notes for Fed. R. Civ. P. 32, which state that the revised rule "adds a provision to deal with the situation when a party, receiving minimal notice of a proposed deposition, *is unable to obtain a court ruling on its motion for a protective order seeking to delay or change the place of the deposition.*" (emphasis added). Caltech argues that here, moving parties did receive a ruling from Magistrate Judge Nagle that the deposition could go forward. Caltech argues that Rule 32 should not apply to reconsideration motions related to protective order applications because

---

To the extent that the Court considers any of the statements in the declarations herein, the Court considers the objections in determining the weight to be given to various statements by the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-320 CAS (MANx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | Sang Mook Lee, et al. v. California Institute of Technology, et al. | | |

"any such interpretation would improperly and unfairly grant a party who has been denied a protective order the simple, but highly effective expedient of obtaining the peremptory exclusion of a deposition by filing repeated requests to 'review,' 'renew,' or 'reconsider' that which had already been heard and decided before the deposition was taken." Opp'n at 20.

The Court concludes that the ex parte application for protective order, which was pending before the Court at the time that the deposition took place, does not preclude the use of the deposition under Fed. R. Civ. P. 32(a)(5)(A). The ex parte application was essentially a motion for reconsideration of the earlier ruling by Magistrate Judge Nagle allowing the deposition to go forward. Moving parties have presented no authority for the proposition that a motion for reconsideration qualifies as a pending motion for a protective order under Fed. R. Civ. P. 32(a)(5)(A), and such an interpretation would appear, as Caltech argues, to be contrary to the purpose of the Rule, which is to protect parties who have not yet obtained any ruling on their application for a protective order at the time of the deposition.

### B. Whether a Protective Order is Appropriate

Furthermore, moving parties argue that there is good cause for granting a protective order. Protective orders are governed by Fed. R. Civ. P. 26. Under Fed. R. Civ. P. 26(c)(1), a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A motion for a protective order must be supported by good cause. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). As discussed in more detail below, the crux of moving parties' argument is that they were prejudiced by not receiving adequate notice of the deposition. See Fed. R. Civ. P. 30(b)(1) ("party who wants to depose a person by oral questions must give reasonable written notice to every other party"); see also In re Stratosphere Corp. Sec. Litig., 183 F.R.D. 684, 687 (D. Nev. 1999) (serving subpoena five days before deposition was not reasonable). Moving parties argue that Magistrate Judge Nagle's original ruling allowing the deposition to go forward was based on misrepresentations of the facts by Caltech. Furthermore, moving parties argue that they will be prejudiced due to irregularities in the way the deposition was conducted.

Moving parties argue that the circumstances leading up to the deposition are as follows. Deponent Kim is a Korean student who took part in the field trip during

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-320 CAS (MANx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | Sang Mook Lee, et al. v. California Institute of Technology, et al. | | |

which the subject accident occurred. Although several of the other Korean students were deposed in South Korea in August 2008, Kim was not deposed at that time.[2] On June 29, 2009, Caltech noticed the deposition of Kim for July 3, 2009. This notice of deposition was accompanied by an email, in which counsel for Caltech stated that it was compelled to do the deposition on short notice because Kim was about to embark on a 45-day sea expedition "that would put us up against the discovery cut-off in our case." Mot. at 6; Harvey-Lee Decl. Ex. 1. In addition, counsel for Caltech indicated that he had not had any contact with Kim, but had information from a "reliable source" that Kim would present himself for the deposition at the appointed time. Mot. at 6; Harvey-Lee Decl. Ex. 3. Moving parties argue that on June 30, 2009, Caltech's counsel provided moving parties with a declaration by deponent Kim, which had been signed on June 19, 2009, but that Caltech's counsel again refused to provide contact information or any other information about the manner in which he was communicating with the witness, stating that he had not had any contact with Kim. Mot. at 6-7; Harvey-Lee Decl. Ex. 3 (email exchange between counsel). Counsel for Catech also refused to answer a question from opposing counsel regarding how he came into possession of the declaration, claiming attorney work product and attorney-client privilege. Mot. at 6-7, citing Harvey-Lee Decl Ex. 4 (email exchange between counsel); Ex. 5 (declaration of Young-Guyn Kim, signed June 19, 2009).

Moving parties argue that in the July 1, 2009 conference with Magistrate Judge Nagle, Caltech repeatedly stated that it did not have the specific dates of Kim's trip but that he was going to be leaving the week after July 3, 2009 and that he was returning at the end of August. Mot. at 7; see e.g., July 1, 2009 Trans. at 9:11-16 ("And he's going out on a research cruise that leaves sometime in early July and doesn't return till the end of August"). Furthermore, the moving parties argue that Caltech's counsel insisted that he had just learned of Kim's availability on June 29, 2009, and that Kim would only appear on July 3, 2009. Mot. at 7; see July 1, 2009 Hearing Tran at 8:10-13 ("I end up finding that Mr. Kim would agree to sit for deposition. However it would have to be this weekend. And I found out about that on June 20 - -June 29th, 2009, which is Monday"). Moving parties also argue that they were informed for the first time at the hearing that the individual communicating with Kim was defendant Choi, and that

---

[2] Moving parties argue that they were unable to obtain Kim's consent to the deposition at that time and Kim refused to appear voluntarily. Mot. at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-320 CAS (MANx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | Sang Mook Lee, et al. v. California Institute of Technology, et al. | | |

there were multiple emails between Choi and Kim. Mot. at 8. Moving parties argue that, after Magistrate Judge Nagle ordered the deposition to proceed, they received these emails, over 100 pages in Korean, from Caltech at 9:50 a.m. on July 2, 2009 "giving Moving Parties only a few hours in which to find a competent translator on the eve of a national holiday and have hundreds of pages of emails adequately translated and no time whatsoever to investigate any information gleaned therein." Mot. at 8.

  Moving parties argue that "[g]iven this last minute disclosure and the short notice of the deposition despite what was obvious regular communication and contact for many weeks, it was clear the timing of the notice was designed to prevent parties from being able to adequately prepare for this deposition." Mot. at 7. Furthermore, moving parties argue that when the emails between Choi and Kim were translated, they demonstrate that Kim never told Choi that he would be at sea on a 45 day expedition, but that instead, Kim stated that July 10-12 would be possible for the deposition, although he had "to get ready for the expedition" so he "can't make time." Opp'n at 9, citing Harvey-Lee Decl. Ex. 9. Moving parties argue that during the deposition, Kim testified that he was not set to leave on the trip until July 21, 2009, and was set to return on August 9, 2009, and that he had a second five-day trip on a ship planned in the middle of August. Harvey Lee Decl. Ex. 10 (Rough Transcript of Young Gyun Kim Dep. 52-54 (stating that he told Choi that today was the most "comfortable day" for him, and that he was going on a personal trip to Japan on the 14th, and on the ship on the 21st).

  Moving parties also note that on July 1, 2009, when Magistrate Judge Nagle directed the deposition to proceed, she ordered Caltech to make its best efforts to arrange video conferencing. Mot. at 8; see Dkt. No. 158 ("[a]s a result of the short notice of the deposition, [Caltech's counsel] Mr. Stewart shall make every effort to set up videoconferencing for the deposition . . ."). Moving parties argue that counsel for Ford and ROK were unable to attend the deposition in person, due to the extremely short notice, the fact that the deposition was taken in Hawaii, and the fact that the deposition was conducted over a holiday weekend. Mot. at 9. Moving parties argue that Caltech failed to comply with Judge Nagle's statement that Caltech should make every effort to provide videoconferencing, and that instead, on July 2, 2009, Caltech moved the deposition to a new location that did not have videoconferencing capabilities, and Caltech's counsel refused subsequent requests to move the deposition to a place with videoconferencing capabilities. Mot. at 10; Declaration of Brendan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-320 CAS (MANx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | Sang Mook Lee, et al. v. California Institute of Technology, et al. | | |

Ford (counsel for Ford) ¶ 10.

     Furthermore, moving parties argue that the telephone connection provided "was utterly substandard and unacceptable." Mot. at 10. Moving parties cite various statements on the record at the deposition in which attorneys appearing telephonically stated that they were having trouble hearing, including a statement by Caltech's own co-counsel, Larry Hart. Mot. at 10, citing. E.g. Ex. 10 Dep. Trans. at 79-80 ("MR. HART: Excuse me, Larry Hart. Brian, I can't hear the witness, I can't hear the interpreter, I can't, I get about half of what's on, and I'm going to log off and I will talk to you later"). Moving parties note that counsel for the Republic of Korea lodged for the record an objection that they were "having extreme difficulty" hearing the deposition. Mot. at 12-13, citing Ex. 10 at 83:13-19 ("this is John Jones and Christopher Kim on behalf [of] Republic of Korea. We want to lodge, for the record, an objection. We are having extreme difficulty on this end hearing what's going on, especially the responses of the interpreter. We are getting maybe one out of every ten words, although some times are better that others . . .").

     Finally, moving parties argue that the interpreter hired by Caltech was both inexperienced and inappropriate. Mot. at 13-14, citing e.g. Dep. Trans. at 46-50 (wherein interpreter asks plaintiffs' counsel if he can give advice and states "Calm down. You are too much tension" and threatens to walk out).

     Caltech responds that moving parties' motion is not in fact a motion for protective order, because the deposition has already occurred, and nothing in Fed. R. Civ. P. 26 states that a protective order may exclude use of discovery after the fact. Instead, Caltech argues that the motion is in the nature of a motion in limine, and therefore must be heard on December 14, 2009 when other motions in limine are set to be heard. Moving parties, however, note that nothing in Rule 26 specifically precludes the type of relief they seek, and notes that "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required . . . The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 37 (1984); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364, 368 (9th Cir. 1982) (Rule 26(c) grants district courts "extensive control" over the discovery process, and "a court may be as inventive

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-320 CAS (MANx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | Sang Mook Lee, et al. v. California Institute of Technology, et al. | | |

as the necessities of a particular case require in order to achieve the benign purposes of the rule"). Moving parties argue that, if resolution of this issue is delayed until motions in limine are heard, exclusion of the deposition will be problematic, because Caltech will likely use the testimony in remaining discovery proceedings, including depositions of experts. Sup. Mot. at 3.

 Caltech also argues that moving parties have failed to demonstrate that they were prejudiced by the deposition. First, Caltech disputes the contention that it withheld contact information for Kim from moving parties, arguing that Caltech did not have the contact information to withhold, and that regardless, Professor Lee is deponent's faculty advisor and therefore has full, direct and immediate contact information for the deponent. Stewart Decl. ¶ 26 ("at no time prior to July 2, 2009 after Judge [Nagle's] verbal order while on the record on July 1, 2009 did I even have Mr. Kim's email address let alone his physical address in my possession"). Furthermore, Caltech argues that plaintiffs' counsel cross-examined Kim in person at the deposition for over five hours, and that counsel for Ford and ROK stated that they had no further questions at the end of the deposition. Opp'n at 24. Caltech also argues that moving parties' arguments regarding the bad telephone connection is irrelevant; Caltech argues that because plaintiffs' counsel was in personal attendance at the deposition, the interests of the moving parties were adequately represented. Opp'n at 32. With regard to the interpreter, Caltech argues that moving parties have not cited any evidence of mistranslation. Opp'n at 32.

 Caltech argues that moving parties in fact seek to exclude the deposition because the deponent stated that there was no contact between the two subject vehicles prior to the rollover, which is contrary to a theory propounded by moving parties. Supplemental Opp'n at 1. Furthermore, Caltech argues that it will be prejudiced if the motion is granted, because the transcript of the deposition has been disseminated to numerous experts, who have incorporated the statements into their expert opinions, and that, if the motion is granted, the parties will have to start the expert witness process anew. Sup. Opp'n at 1-2.

 Finally, Caltech argues that moving parties have presented no new facts or evidence that would warrant reconsideration of Magistrate Judge Nagle's ruling that the deposition could go forward. Specifically, Caltech disputes moving parties' arguments that Kim was in fact available for deposition the following week, noting that Kim reaffirmed at the deposition that he had not offered to be deposed the following week

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-320 CAS (MANx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | Sang Mook Lee, et al. v. California Institute of Technology, et al. | | |

and that the July 3 weekend was the convenient day for him. See Kim Dep. 60:12-61:11.[3]

Moving parties respond that it is absurd to argue that the interests of defendant Ford and counterdefendant ROK were adequately represented by plaintiff's counsel. Sup. Mot. at 4. Moving parties also dispute that they had all of their questions answered at the deposition; for example, counsel for ROK stated that "[h]aving only a limited ability to hear what was going on during the deposition" he was limited in what he could ask, and he therefore chose to make his objections known for the record. Sup. Decl. Of John L. Jones II. ¶ 6. Moving parties also argue that the fact that Professor Lee was Kim's faculty advisor is irrelevant, because moving parties' counsel would not have asked Professor Lee to communicate with any witnesses regarding the accident, and would have had no reason to ask for Kim's contact information from Professor Lee. Sup. Mot. at 5.

The Court concludes that moving parties have not demonstrated that a protective order is warranted. First, moving parties have not presented sufficient evidence that Magistrate Judge Nagle was incorrect to permit the deposition to go forward, such that reconsideration of her original order would be appropriate. Although moving parties argue that Caltech misrepresented the deponent's availability to Magistrate Judge Nagle, deponent's own testimony supports Caltech's position that July 3, 2009 was the only time that Kim was available to be deposed. Furthermore, although moving parties have presented evidence that the telephone connection was poor at the deposition, this, in and of itself, does not warrant the granting of a protective order, particularly given that all parties will have access to the deposition transcript.

**III.    CONCLUSION**

For the foregoing reasons, the Court DENIES moving parties' motion for protective order, without prejudice to specific evidentiary arguments regarding the

---

[3] Caltech also contends that the moving parties' notice of motion is argumentative, and therefore should be stricken under LR 7-4, and that moving parties failed to properly meet and confer. Because these alleged procedural deficiencies appear to be harmless, the Court declines to strike or deny moving parties' motion on these grounds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-320 CAS (MANx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | Sang Mook Lee, et al. v. California Institute of Technology, et al. | | |

deposition testimony being raised in motions in limine.

    At the hearing, plaintiff stated that there may be specific portions of the deposition to which he objects based on mistranslation by the interpreter.  The Court orders the parties to meet and confer and to appear before the Court within thirty (30) days to resolve these issues.  No enlargements of time will be granted.

    IT IS SO ORDERED

|  |  | 00 | : | 21 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |