Robert J. Gibson (#144974)
hgibson@swlaw.com
Elizabeth V. McNulty (#192455)
emcnulty@swlaw.com
Erica M. Fisher (#253068)
efisher@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendant
FORD MOTOR COMPANY

**NOTE CHANGES BY THE COURT**

# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANG MOOK LEE, an individual, and HEE-JUNG KIM, an individual,<br><br>   Plaintiffs,<br><br>vs.<br><br>CALIFORNIA INSTITUTE OF TECHNOLOGY, a California Corporation; FORD MOTOR COMPANY; QUIGLEY MOTOR COMPANY, INC., and DOES 1-100,<br><br>   Defendants. | CASE NO. CV-09-00320 CAS (MANx)<br><br>**ORDER RE: STIPULATED NON-SHARING PROTECTIVE ORDER**<br><br>CTRM: 5<br>JUDGE: Hon. Christina A. Snyder<br><br>DATE OF FILING: December 12, 2006<br>FIRST AMENDED: August 31, 2007<br>SECOND AMENDED: JULY 16, 2009 |

The parties having stipulated, and no prejudice being apparent,

IT HEREBY ORDERED that:

1. Documents to be produced by Ford in this litigation which contain confidential information shall hereafter be referred to as "Protected Documents." Any document or any information designated as "Subject to Non-Sharing Protective Order," "Subject to Protective Order," "Confidential," or other similar language in accordance with the provisions of this Order shall only be used, shown or disclosed strictly for purposes of this litigation and as provided in this Order.

9018408

2.     As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

3.     The burden of proving that a Protected Document contains confidential technical information is on Ford.  Prior to designating any material as "Confidential," Ford must make a bona fide determination that the material is, in fact, a trade secret, confidential technical information or other commercially sensitive information, the dissemination of which would damage Ford's competitive position.  If a party disagrees with the "Confidential" designation of any document, the party will so notify Ford in writing.  Ford will timely apply to this Court to set a hearing for the purpose of establishing that said document is confidential.  If the parties are unable to agree, Ford will then timely apply to this Court to set a hearing for the purpose of establishing that said document is confidential.  Any document so marked as "Confidential" will continue to be treated as such pending determination by the Court as to its confidential status.

4.     The designation of Protected Documents may be made by marking or placing the notice "Subject to Non-Sharing Protective Order," "Subject to Protective Order," "Confidential," or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy.

5.     Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the limitations set forth herein.

6.     Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a.     Counsel of Record for the parties, and the parties;

    b.     Non-technical and clerical staff employed by Counsel of Record

1                and involved in the preparation and trial of this action;

2      c.    Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

6      d.    The Court, the Court's staff, witnesses, and the jury in this case; and

8      e.    Attorneys representing Caltech and the experts and consultants retained by Caltech in other cases pending against Ford involving a 1998 Ford Econoline 350 Passenger Van and the same allegations asserted in this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

14 The disclosure of such confidential materials to said experts or consultants will be in hard copy form only and will not be in any digitized or other computer readable format (such as a PDF format).

17     7.    Caltech's Counsel must make reasonable efforts to insure the individuals described in paragraphs 6(b), 6(c) and 6(e) above are "Qualified Persons" and must provide to Ford advance notice of the names of such "Qualified Persons" with whom the Protected Documents will be shared.

21     8.    Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(b), 6(c) and 6(e) above shall execute a "Written Assurance" in the form contained in Exhibit "A," attached hereto. Counsel for Caltech shall retain each such executed "Written Assurance" and shall keep a list identifying (a) all persons all persons described in paragraphs 6(b), 6(c) and 6(e) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each such executed written assurance and list shall be submitted to counsel for Ford within seven (7) days of

1 the disclosure of Protected Documents under this Order and at the termination of
2 this litigation.

3   9.   As the Protected Documents may only be distributed to "Qualified
4 Persons," Caltech's Counsel, and all persons described in paragraph 6 above, may
5 not post Protected Documents on any website or internet accessible document
6 repository.

7   10.   To the extent that Protected Documents or information obtained
8 therefrom are used in the taking of depositions, such documents or information
9 shall remain subject to the provisions of this Order, along with the transcript pages
10 of the deposition testimony dealing with the Protected Documents or information.

11   11.   All documents that are filed with the Court that contain any portion of
12 any Protected Document or information taken from any Protected Document shall
13 be filed only after obtaining prior approval from the Court pursuant to United States
14 District Court, Central District of California Local Rules 79-5 *et seq.*, which govern
15 the procedure for filing confidential documents under seal.  The parties are
16 expressly cautioned, however, that this Protective Order, in and of itself, creates no
17 entitlement to file under seal information, documents, or things designated as
18 Protected Documents by the parties.  Accordingly, reference to this Protective
19 Order or to the parties' designation of any information, document, or thing as a
20 Protected Document is wholly insufficient to warrant filing under seal.  Good cause
21 must be shown to support a filing under seal, and the parties' mere designation of
22 any information, document, or thing as a Protected Document does not – without
23 the submission of competent evidence establishing that the material sought to be
24 filed under seal qualifies as trade secret, confidential, proprietary, or private
25 information – establish good cause.

26   12.   Any court reporter or transcriber who reports or transcribes testimony
27 in this action shall agree that all "confidential" information designated as such
28 under this Order shall remain "confidential" and shall not be disclosed by them,

9018408                                                      - 4 -

ORDER RE: STIPULATED PROTECTIVE ORDER

except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

13. Within ninety (90) days after the conclusion of this case, counsel for the parties who received Protected Documents shall either (a) return to Ford the Protected Documents, including any documents which any such party disclosed to any person described in paragraphs 6(b), 6(c), and 6(e) above, or (b) securely destroy the Protected Documents, including any documents which any such party disclosed to any person described in paragraphs 6(b) and 6(c) above, and certify such destruction to Ford.

14. Inadvertent or unintentional production of documents or information containing information which should have been designated as "confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

15. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

16. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

17. Excluding those Qualified Persons identified in paragraph 6(d) above, this Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

18. Should a party producing documents contend that certain, specific

selected documents contain information of an extremely sensitive commercial nature involving current or future products which it desires to produce subject to greater restrictions than provided in paragraph 6, the producing party shall visibly mark such material "Subject to Non-Sharing Protective Order" or other similar designation as "Non-Sharing." The marking will be made in the document margin so as to not obscure the text of the document in the original or any copies if possible. Documents so marked and information therein may not be disclosed pursuant to paragraph 6(e). If a party disagrees that any document so designated should not be entitled to such restrictions, the party will so notify the producing party in writing. The producing party will timely apply to this Court to set a hearing for the purpose of establishing that said information is confidential and that "Non-Sharing" restrictions are justified.

IT IS SO ORDERED

Dated: _September 14, 2009_                    _/s/ Margaret A. Nagle_
                                                The Honorable Margaret A. Nagle
                                                United States Magistrate Judge

Robert J. Gibson (#144974)
hgibson@swlaw.com
Elizabeth V. McNulty (#192455)
emcnulty@swlaw.com
Erica M. Fisher (#253068)
efisher@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA  92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendant
FORD MOTOR COMPANY

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANG MOOK LEE, an individual, and HEE-JUNG KIM, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA INSTITUTE OF TECHNOLOGY, a California Corporation; FORD MOTOR COMPANY; QUIGLEY MOTOR COMPANY, INC., and DOES 1-100,<br><br>Defendants. | CASE NO. CV-09-00320 CAS (MANx)<br><br>**EXHIBIT "A" TO STIPULATED NON-SHARING PROTECTIVE ORDER IN THE LEE V. FORD MOTOR COMPANY MATTER**<br><br>CTRM:    5<br>JUDGE:   Hon. Christina A. Snyder<br><br>DATE OF FILING:    December 12, 2006<br>FIRST AMENDED:    August 31, 2007<br>SECOND AMENDED: JULY 16, 2009 |

## EXHIBIT A

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Stipulated Protective Order attached hereto and I understand its terms and meanings.

9736574

2.

I agree that my signature below submits me to the jurisdiction of the United States District Court, Central District, in which the action of <u>Lee, et al. v. Ford Motor Company, et al.,</u> Case No. CV-09-00320 GW (CTx), is pending, and binds me to the provisions of the Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

Further Affiant sayeth not.

This __ day of _____, 2009.

_____
AFFIANT

EXHIBIT "A" TO STIPULATED NON-SHARING PROTECTIVE ORDER

# **PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626-7689.

On August ____, 2009, I served, in the manner indicated below, the foregoing document described as **STIPULATED NON-SHARING PROTECTIVE ORDER** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

*Please see attached Service List*

☐ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (F.R.C.P. 5(b)(2)(C).

☐ BY FACSIMILE: (F.R.C.P. 5(b)(2)(F)

☐ BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees(F.R.C.P. 5(b)(2)(F).

☒ BY ELECTRONIC SERVICE: I caused such document to be delivered by electronic service as it has been authorized and agreed upon to service electronically in this action to the parties below, to the email addresses listed below. (F.R.C.P. 5(b)(2)(E)

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August ___, 2009, at Costa Mesa, California.

_____
Katryn F. Smith

9736574

PROOF OF SERVICE

# Service List

Lee, et al. v. California Institute of Technology, et al.
United States District Court  Case No.: CV-09-00320 GW (CTx)

| | |
|---|---|
| Christine D. Spagnoli, Esquire<br>Katherine Harvey-Lee, Esquire<br>Michael J. Avenatti, Esquire<br>**GREENE, BROILLET & WHEELER, LLP**<br>100 Wilshire Boulevard, Suite 2100<br>Santa Monica, California 90401 | **LEE PLAINTIFF COUNSEL**<br><br>310.576.1200<br>310.576.1220, fax<br>cspagnoli@greene-broillet.com |
| Brian Stewart, Esquire<br>Nicole A. Davis-Tinkham, Esquire<br>**COLLINS COLLINS MUIR & STEWART LLP**<br>1100 El Centro Street<br>South Pasadena, California 91030 | **DEFENDANT COUNSEL**<br>**CALIFORNIA INSTITUTE OF TECHNOLOGY**<br><br>626.243.1100<br>626.243.1111, fax<br>bstewart@ccmslaw.com |
| Larry C. Hart, Esq.<br>Barbora Pulmanova, Esq.<br>**MUSICK PEELER & GARRETT**<br>One Wilshire Blvd., Suite 2000<br>Los Angeles, CA 90017 | **DEFENDANT COUNSEL**<br>**CALIFORNIA INSTITUTE OF TECHNOLOGY**<br><br>213.629.7612<br>213.621.1376, fax<br>l.hart@mpglaw.com<br>b.pulmanova@mpglaw.com |
| John L. Jones II, Esquire<br>**LIM, RUGER & KIM, LLP**<br>1055 West Seventh Street, Suite 2800<br>Los Angeles, California 90017 | **DEFENDANT COUNSEL**<br>**REPUBLIC OF KOREA**<br><br>213.955.9500 X155<br>213.955.9511, fax<br>john.jones@limruger.com |

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

9736574

- 2 -